1  Bruce H. Jackson, State Bar No. 98118
   bruce.jackson@bakermckenzie.com
2  Irene V. Gutierrez, State Bar No. 252927
   irene.gutierrez@bakermckenzie.com
3  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
4  San Francisco, CA 94111-3802
   Telephone:   +1 415 576 3000
5  Facsimile:   +1 415 576 3099

6  Attorneys for Petitioner
   YAMAHA MOTOR ESPAÑA, S.A.

7

FILED
2011 JUN 14 P 3: 31
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DISTRICT OF CALIFORNIA

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

CV 11 80 136 MISC   RS

| In re APPLICATION FOR APPOINTMENT OF A COMMISSIONER RE REQUEST FOR JUDICIAL ASSISTANCE FOR THE ISSUANCE OF SUBPOENA PURSUANT TO 28 U.S.C. § 1782 | **Miscellaneous Case No:** _____<br><br>**YAMAHA MOTOR ESPAÑA, S.A.'S APPLICATION FOR APPOINTMENT OF A COMMISSIONER RE REQUEST FOR JUDICIAL ASSISTANCE FOR THE ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC. PURSUANT TO 28 U.S.C. § 1782** |
|---|---|
| YAMAHA MOTOR ESPAÑA, S.A., Petitioner. | |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

SFODMS/6626038.3

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.

Applicant YAMAHA MOTOR ESPAÑA, S.A. ("YMES") hereby makes this application for limited discovery in aid of two proceedings currently pending in Spain for the reasons stated in this memorandum.

## I. Background

YMES requests that the Court allow it to serve subpoenas on certain Online Service Providers ("OSPs") located in this District to identify the individual(s) who authored an anonymous blog on the OSPs' blog-hosting service, commenting on a labor dispute involving YMES. The blog contains statements that are highly relevant to two cases pending in Spain regarding this dispute (one in which YMES is a plaintiff and the other a defendant) and the authorship itself of these comments is a key piece of evidence for YMES's prosecution and defense of the pending claims.

### *The Spanish Labor Proceedings*

The two proceedings pending in the Spanish court, Juzgado Social 2 Sabadell, located in Barcelona, are the following: (1) Case No. 249/2011 against Yamaha Motor España, S.A., by the Commisió Obrerara Nacional de Catalunya and 18 of its union members employed at YMES, (the "Union's Suit") and (2) Case No. 187/2011 against the Commisió Obrerara Nacional de Catalunya by Yamaha Motor España, S.A. ("YMES's suit") (collectively, the "Spanish Labor Proceedings"). *See,* Complaints (including English translation), **Exhibits A** and **B** to *Request for Judicial Notice in Support of Yamaha Motor España's 28 U.S.C. §1782 Application ("RJN")*. These cases arise out of a labor dispute surrounding YMES's planned closing of a plant outside of Barcelona and the response by the union and its members.

YMES is a company organized under the laws of the Kingdom of Spain with its principal place of business at Aiguaders, 10-16, Polígono Industrial Riera de Caldes, 08184 Palau Solità i Plegamans, Barcelona, Spain, that produces and sells motorcycles. In late 2010, YMES began a reduction in force for its plant outside of Barcelona, Spain which – under Spanish labor law – requires a regulatory filing and administrative supervision of the ensuing labor negotiations. Following this public filing and news of the plant's closing, labor groups began organizing to

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

1

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.
SFODMS/6626038.3

protest. Those protests included picketing at the plant and at the sites of various YMES stakeholders and other tactics designed to influence the negotiations.

Currently, the reduction in force continues to be negotiated by YMES and the labor union, under the supervision of the relevant Spanish authorities. The labor demonstrations and protests have continued in various forms throughout the pendency of this process. While some of these demonstrations constitute valid self-expression and public discourse, the labor organizers often test and overstep these boundaries, as is the case in the anonymous blog that is the subject of this application and the conduct that this blog describes.

This unlawful labor organizing is the subject of YMES's suit against the Commisió Obrerara Nacional de Catalunya ("union") filed March 2, 2011. In its complaint, YMES alleges that the union ordered an illegal strike by instructing workers to reduce their productivity, rather than declare an outright strike under Spanish labor laws with the appropriate requirements of that procedure. YMES is requesting an injunction ordering the workers to immediately cease the slowdown and resume normal operations and an order awarding YMES 1.253 million Euros in damages caused by the illegal strike. The union has answered the complaint denying that it has ordered any such slowdown. The trial in this case is scheduled for September 15, 2011, and all evidence and witness testimony must be prepared and disclosed in advance of this date. The union's suit, for its part, alleges that YMES violated its rights to organize by negotiating unfairly and creating undue pressure in the negotiations surrounding the plant closing. The union also alleges that YMES illegally accessed employee e-mails without their permission, thereby violating their privacy rights. YMES has answered these claims denying them and trial on this claim is schedule for June 10, 2011.

***The Anonymous Blog***

The anonymous blog author publishes under the pseudonym *nocierre* on a blog with web address www.january26th.wordpress.com ("*january26th* blog"). The *nocierre* avatar is linked to an anonymous e-mail account with hushmail.com. No other personal identifiers are tied to the blog or the e-mail address. The blog is hosted on WordPress.com, a blog publishing service that provides web space and templates to its users free of charge. Users simply complete an

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

2

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.
SFODMS/6626038.3

1   enrollment form with an e-mail address, choose a domain name for their blog, accept
2   WordPress.com's terms and conditions and are able to publish content to the Internet via
3   WordPress.com's servers. WordPress.com is run by Automattic, Inc. *See,* WordPress.com
4   "About Us", http://en.wordpress.com/about/, *RJN,* **Exh. C.** Automattic maintains a business
5   address in this district at 60 29th Street #343, San Francisco, CA 94110. *See,* Automattic.com
6   "Contact," http://automattic.com/contact/, *RJN,* **Exh. D.** Automattic is a Delaware corporation,
7   registered to do business in California. Secretary of State Record for "Automattic, Inc.", *RJN,*
8   **Exh. E.** On that record, Automattic lists its address as 570 El Camino Real #150-454, Redwood
9   City, CA 94603, and notes that Toni Schneider is its agent for service of process, and may be
10  served at Pier 38 at the Embarcadero, San Francisco, CA 94107. *Id.* WordPress.com does not
11  appear to be registered with the California Secretary of State.

12  The *january26th* blog started publishing about YMES and the plant closing in early 2011.
13  It states it chose the *january26th* title because it matches the date when YMES announced the
14  plant closing. The posts directed at YMES and its advisors, many of which contain false,
15  misleading and damaging statements, are dated February 16, 22, 25 and 28, 2011; March 7, 11,
16  27, 2011; and as recently as May 22, 2011. See, Collection of Blog Posts, *RJN,* **Exh. F.** The
17  postings show the precise time when they were uploaded to WordPress.com and are all attributed
18  to the author *nocierre.*

19  These postings have injured and continue to cause injury to YMES in the Spanish
20  Proceedings by publishing false and misleading information about the plant closing, YMES's
21  directors and its outside advisors. Moreover, several of the posts refer to an illegal work
22  slowdown under Spanish labor law that forms the basis of one of the claims YMES alleges in the
23  Spanish Proceedings, as described above, and indicate that the slowdown was deliberate. The
24  labor groups have to date denied ordering such slowdowns. Thus, both the content and
25  authorship of these posts can be introduced into evidence to rebut this statement and support
26  YMES's case.

27  In an attempt to identify the *nocierre,* YMES's counsel submitted an online request to
28  WordPress.com (addressed to its parent Automattic Inc.) via its online complaint form on March

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

3

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.
SFODMS/6626038.3

11, 2011. YMES requested the identity of *nocierre* and asked that the blog be taken down because it contained defamatory content in violation of Spanish law. WordPress.com refused, citing its internal policy on these types of requests in the absence of a court order. *See,* Collection of Email Correspondence, *Declaration of Jordi Masdevall in Support of Yamaha Motor España's 28 U.S.C. §1782 Application*, ¶4, **Exh. A.**

Without an IP address or any other identifying information for *nocierre*, YMES has no available recourse for identifying the person or persons that made the defamatory remarks and allusions to illegal labor organizing referenced in the *january26th* blog. Therefore, YMES seeks to serve third-party subpoenas under Rule 45 of the Federal Rules of Civil Procedure upon WordPress.com and its parent company Automattic for the IP address(es) used to make the postings included in Group Exhibit A and any other personally identifying details, such as name, e-mail addresses, physical addresses, age, etc., which could be used to identify *nocierre*.

## II. This application satisfies the mandatory and discretionary elements of 28 U.S.C. § 1782.

Section 1782 authorizes "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a).

Discovery under Section 1782 is proper if it meets the following threshold statutory criteria: (1) it is directed at a resident of the district in which the court sits; (2) it is intended for use before a foreign tribunal; (3) it is based upon the application of a person interested in a foreign proceeding; and (4) it does not require disclosure of privileged materials. *See generally Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-65 (2004). A court, when exercising discretion to grant a Section 1782 application, may also consider four additional factors: (1) whether the request is overly intrusive or burdensome; (2) whether the person from whom discovery is sought is a party in the foreign proceeding; (3) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign tribunal to federal court assistance; and (4) whether the request appears to be an attempt to circumvent foreign proof-gathering procedures of the foreign tribunal. *Id.*

4

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.
SFODMS/6626038.3

Here the threshold statutory requirements are met. Under § 1782, a court may permit discovery "upon the application of any interested person." 28 U.S.C. § 1782(a). WordPress.com, and its parent company Automattic, reside in the district covered by this Court. *RJN*, **Exhs. C-E.** The discovery is for use in proceedings before a Spanish court, which both exercises "adjudicative" powers and serves an "adjudicative" purpose, thereby meeting the definition of "tribunal" set forth in the statute. *See, In re Letters of Request to Examine Witnesses,* 59 F.R.D. 625, 629 (N.D. Cal. 1973). Finally, as civil plaintiff and defendant in the Spanish Proceedings, the applicant YMES is an "interested person" within the meaning of Section 1782. *See, In re Merck & Co.*, 197 F.R.D. 267, 270 (M.D.N.C. 2000)("an interested person includes a party to the foreign litigation, whether directly or indirectly involved.")

Having established that YMES satisfies the threshold statutory requirements of 1782, we turn now to the question of whether the discovery requested is relevant to the Spanish Proceedings and/or is being sought for an improper purpose. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors for a court to consider in determining whether to grant a request for judicial assistance under § 1782); *see also In re Chevron Corp.*, No. M-19-111, 2010 U.S. Dist. LEXIS 47034, at *16 (S.D.N.Y. May 10, 2010) (noting that one such factor is "whether the subpoena contains unduly intrusive or burdensome requests"). In assessing this issue, courts are guided by the applicable standards found in the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782 (providing that, "[t]o the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure"). As discussed above, YMES seeks the identity of *nocierre* to support its allegations in the Spanish Proceedings that the union has committed illegal labor practices, including but not limited to ordering a work slowdown and defaming YMES and its officers, directors and advisors. The identity of *nocierre* is relevant to the above cited claims because the referenced work slowdowns are illegal if ordered and orchestrated by the labor group. Likewise, for the defamatory content posted on the blog.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

5

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.
SFODMS/6626038.3

There is no improper purpose behind this application. The information requested is not only relevant to YMES's allegations in the Spanish Proceedings but also admissible in those proceedings and intended to be used as documentary evidence. The identity of *nocierre* is otherwise unattainable, given that the relevant posts were made through WordPress.com's servers in this District and no other means are available to positively identify the author for use in the Spanish proceedings. *See London v. Does*, 279 Fed. Appx. 513, 515 (9th Cir. 2008) (upholding denial of motion to quash where evidence was otherwise unattainable in French proceedings); *see also, Intel Corp.*, 542 U.S. at 264 (noting that evidence from nonparties to foreign proceeding would likely be unobtainable absent §1782). Further, the request is not an attempt to avoid foreign evidence rules, and is not unduly intrusive or burdensome because it seeks to gather only identifying information for the accounts, such as the names and addresses of the users, and not the content of any communication. *See London,* 279 Fed. Appx. at 515.

In sum, this application fulfills both the mandatory and discretionary factors of 28 U.S.C. § 1782 and should be granted.

**III. The contemplated subpoenas are limited and do not offend either First Amendment concerns or the protections afforded OSPs in the Cable Privacy Act.**

In addition to fulfilling the mandatory and discretionary requirements pursuant to 28 U.S.C. § 1782, this application also does not offend applicable U.S. authority on propounding discovery on OSPs for the identification of anonymous author(s).

Because discovery pursuant to 28 U.S.C. § 1782 must comport with the Federal Rules of Civil Procedure, we now turn to analyze how this discovery request would be handled under the Rules if this were U.S. litigation against an anonymous Doe defendant, where the same type of third-party subpoena would be served on an OSP to identify the unknown defendant and effect service upon him/her. An application of this legal framework to the case at hand demonstrates that YMES has good cause for seeking the discovery requested in this application and that the appropriate safeguards to protect anonymous speech have been respected.[1]

---

[1] Similar applications have been granted in this jurisdiction and have not been found to violate First Amendment right to anonymous free speech. *See London v. Does*, 279 Fed. Appx. 513, 516.(9th Cir. 2008).

6

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.
SFODMS/6626038.3

1   Courts in this jurisdiction have consistently held that when the identities of defendants are
2   not known before a complaint is filed, a plaintiff "should be given an opportunity through
3   discovery to identify the unknown defendants, unless it is clear that discovery would not uncover
4   the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*,
5   629 F.2d 637, 642 (9th Cir. 1980); *see also, Alberta Ltd. v. John Doe*, No. 2:10 cv 0900 TS, 2010
6   U.S. Dist. LEXIS 100482, *4 (D. Utah September 22, 2010)(permission to serve expedited
7   discovery, including subpoenas on Twitter and Facebook, to identify unknown defendants who
8   allegedly published false, defamatory and infringing statements on the internet); *Allcare Dental*
9   *Management, LLC v. Zrinyi*, No. CV-08-407-S-BLW, 2008 U.S. Dist. LEXIS 84015, (D. Idaho
10  Oct. 20, 2008)(provisions of Cable Privacy Act permitted expedited discovery to determine
11  identity of unknown defendants).

12  In evaluating whether a plaintiff establishes good cause to learn the identity of Doe
13  defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe
14  defendant with sufficient specificity that the court can determine that the defendant is a real
15  person who can be sued in federal court, (2) recounts the steps taken to locate and identify the
16  defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that
17  the discovery is likely to lead to identifying information that will permit service of process.
18  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

19  Here, all of these elements are satisfied: (1) the blog author(s) is/are a real person(s) who
20  may be sued in Spain; (2) YMES has unsuccessfully attempted to identify *nocierre* prior to filing
21  this application; (3) YMES' claims and defenses in the Spanish Proceedings are valid claims that
22  are being adjudicated in the Spanish courts and, thus, present at least a *prima facie* case; and
23  (4) there is a reasonable likelihood that service of the proposed subpoenas on the ISPs will lead to
24  information identifying *nocierre*. *See, Masdevall Decl.* ¶4; RJN, **Exhs. A, B**. The court,
25  therefore, should find that good cause exists to allow YMES to engage in the proposed discovery.

26  The requested discovery is necessary for YMES to determine the true name and address of
27  the individual(s) who posted the offending content on the *january26thblog*. There are no other
28  practical measures YMES could take to identify *nocierre*. YMES is aware of no available

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

7

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.
SFODMS/6626038.3

1  information that would identify *nocierre*, other than information maintained by its Online Service
2  Providers and Internet Service Providers. Due to the nature of online transactions, as described
3  below, YMES has no way of determining *nocierre's* identity except through a third-party
4  subpoena.

5  The wrongful acts at issue in this action occurred through online uploading of statements
6  to a web blog. In order to commit these illegal acts, a user must connect to the Internet.
7  Individuals gain access to the Internet through an Internet service provider (ISP). When an ISP
8  provides Internet access to a subscriber, it does so through a modem located at the subscriber's
9  home or office. Each time the subscriber accesses the Internet, the ISP provides a unique number
10 to the subscriber called an Internet protocol (IP) address. This is somewhat akin to a telephone
11 number. The IP address for a subscriber may stay the same (a static IP address) or it may change
12 from time to time (a dynamic ip address). ISPs generally record the times and dates it assigns
13 each IP address to a subscriber.

14 Online Service Providers (OSPs) provide services to individuals, such as blog hosting and
15 e-mail services. While these services often allow users to subscribe to their services
16 anonymously, the OSPs do have the ability to identify the IP address of the individuals using their
17 online services.

18 YMES recorded the exact date and time individuals posted the defamatory content on the
19 *january26th* blog hosted by WordPress.com. YMES now seeks a subpoena directing
20 WordPress.com, as well as its parent company, Automattic, to identify the IP addresses that
21 uploaded content to the WordPress.com website at the times noted.

22 With the potential IP addresses in hand, YMES can then perform a simple search on
23 public databases to determine which Internet access provider controls the specific IP address
24 identified. YMES could then subpoena the resulting Internet Service Providers to determine the
25 name and address of the subscribers to whom they assigned the various IP addresses recorded
26 and/or proceed before the relevant Spanish authorities for determination of the same. YMES has
27 also retained forensic investigators to assist it in this process. The first step, however, is obtaining
28 the IP address(es) from WordPress.com and/or Automattic with the assistance of this Court.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

8

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.
SFODMS/6626038.3

1  YMES, therefore, requests that the Court issue an order allowing it to serve a subpoena on
2  the relevant Online Service Providers requesting specific user IP address information and
3  subscriber information necessary to identify *nocierre*.

4  Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing
5  personally identifiable information concerning subscribers without the prior written or electronic
6  consent of the subscriber or a court order, and since some Internet service providers, including
7  those listed above in this motion, are also cable operators, YMES requests that the Court order
8  state clearly that the Court contemplated the Cable Privacy Act and that the order specifically
9  complies with the Act's requirements. See, 47 U.S.C. §551.

10 YMES requests that the Court issue the requisite Order instructing WordPress.com,
11 Automattic, and any other relevant service providers they identify (and who are subject to this
12 Court's jurisdiction) to produce any and all documents and/or information sufficient to identify
13 the user or users during the recorded dates and times. YMES will only use this information to
14 prosecute/defend the claims made in and related to the Spanish Proceedings. Without this
15 information YMES cannot defend itself adequately to protect its business reputation and interests.

16 Pursuant to the Cable Privacy Act, such discovery should be conditioned on the OSPs
17 having 7 calendar days after service of the subpoenas to notify the subscriber that their identity is
18 sought by YMES, and each subscriber whose identity is sought having 21 calendar days from the
19 date of such notice to file any papers contesting the subpoena.

20 **IV. Conclusion**

21 For the reasons set forth above, YMES respectfully requests that this Court grant its
22 application for discovery in aid of foreign proceedings, and that it issue the subpoenas to
23 WordPress.com and Automattic, Inc. in the suggested form attached to the proposed order.

24 Dated: June 14, 2011

Bruce H. Jackson
Irene V. Gutierrez
**BAKER & McKENZIE LLP**

By: _____
Irene V. Gutierrez
Attorneys for Petitioner
YAMAHA MOTOR ESPAÑA, S.A.

9

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

Misc. Case No. _____
YAMAHA'S APPL FOR ISSUANCE OF SUBPOENA UPON COMMISSION TO WORDPRESS.COM AND AUTOMATTIC, INC.
SFODMS/6626038.3