UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| In re APPLICATION FOR APPOINTMENT OF A COMMISSIONER RE REQUEST FOR JUDICIAL ASSISTANCE FOR THE ISSUANCE OF SUBPOENA PURSUANT TO 28 U.S.C. § 1782, <br><br>_____<br><br>YAMAHA MOTOR ESPAÑA, S.A.,<br><br>   Petitioner.<br>_____/ | No. C 11-80136 RS (MEJ)<br><br>**ORDER GRANTING PETITIONER YAMAHA MOTOR ESPAÑA, S.A.'S REQUEST FOR THE ISSUANCE OF A SUBPOENA**<br><br>**(Docket No. 1)** |

## I.   INTRODUCTION

Currently pending before the Court is Yamaha Motor España, S.A.'s ("Yamaha") ex parte application for the issuance of a subpoena pursuant to 28 U.S.C. § 1782. Dkt. No. 1. Yamaha seeks the issuance of a subpoena to WordPress.com, which is purported to maintain a business in this District, and Automattic, Inc., which is purportedly registered to do business in California. The proposed subpoena reflects that Yamaha seeks the production of documents in WordPress.com and/or Automattic's possession, custody, or control that it contends are highly relevant to two cases pending in the Kingdom of Spain. Having considered Yamaha's papers and accompanying submissions, the Court hereby **GRANTS** the application.

## II.   BACKGROUND

Yamaha requests that the Court allow it to serve subpoenas on WordPress.com and Automattic to identify the individual(s) who authored an anonymous blog on WordPress.com's blog-hosting service, commenting on a labor dispute involving Yamaha. The blog contains statements that are highly relevant to two cases pending in Spain regarding this dispute.

**A.      The Spanish Labor Proceedings**

The two proceedings pending in the Spanish court, Juzgado Social 2 Sabadell, located in Barcelona, are the following: (1) Case No. 249/2011 against Yamaha by the Commisió Obrerara Nacional de Catalunya (the "union") and 18 of its union members employed by Yamaha, and (2) Case No. 187/2011 against the union by Yamaha (the "Spanish Labor Proceedings"). *See* Complaints, Exs. A and B to Req. for Judicial Not. in Supp. of Appl. ("RJN"), Dkt. No. 2.  These cases arise out of a labor dispute surrounding Yamaha's planned closing of a plant outside of Barcelona and the response by the union and its members.  Appl. 1, Dkt. No. 1.

Yamaha is a company organized under the laws of the Kingdom of Spain, with its principal place of business in Barcelona, that produces and sells motorcycles. *Id.*  In late 2010, Yamaha began a reduction in force for its plant outside of Barcelona which, under Spanish labor law, requires a regulatory filing and administrative supervision of the ensuing labor negotiations. *Id.*  Following this public filing and news of the plant's closing, labor groups began organizing to protest. *Id.*  Those protests included picketing at the plant and at the sites of various Yamaha stakeholders, and other tactics designed to influence the negotiations. *Id.* at 1-2.

Yamaha states that the reduction in force continues to be negotiated by it and the labor union, under the supervision of the relevant Spanish authorities. *Id.* at 2.  Yamaha also states that labor demonstrations and protests have continued in various forms throughout the pendency of this process and, while some demonstrations constitute valid self-expression and public discourse, the labor organizers often test and overstep these boundaries.  In the case of the anonymous blog at issue here, Yamaha contends that the labor organizers overstepped these boundaries. *Id.*

Yamaha states that this labor organizing is the subject of its suit against the union.  In its complaint, Yamaha alleges that the union ordered an illegal strike by instructing workers to reduce their productivity, rather than declare an outright strike under Spanish labor laws with the appropriate requirements of that procedure. *Id.*  Yamaha is requesting an injunction ordering the workers to immediately cease the slowdown and resume normal operations and an order awarding Yamaha 1.253 million Euros in damages caused by the illegal strike. *Id.*  The union has answered the

complaint, denying that it has ordered any such slowdown. *Id.* The trial in this case is scheduled for September 15, 2011. The union's suit alleges that Yamaha violated its rights to organize by negotiating unfairly and creating undue pressure in the negotiations surrounding the plant closing. *Id.* The union also alleges that Yamaha illegally accessed employee e-mails without their permission, thereby violating their privacy rights. *Id.* Yamaha has denied these claims. *Id.*

**B.     The Anonymous Blog**

According to Yamaha, the anonymous blog author publishes under the pseudonym ""nocierre"" on a blog with web address www.january26th.wordpress.com (the "blog"), which is linked to an anonymous e-mail account with hushmail.com. *Id.* The blog is hosted on WordPress.com, a blog publishing service that provides web space and templates to its users free of charge. *Id.* Users complete an enrollment form with an e-mail address, choose a domain name for their blog, accept WordPress.com's terms and conditions, and are then able to publish content to the Internet via WordPress.com's servers. *Id.* at 2-3. Automattic, Inc. is WordPress.com's parent company. *Id.* at 3.

The blog started publishing about Yamaha closing the plant in early 2011. *Id.* It states that it chose the january26th title because it matches the date when Yamaha announced the plant closing. *Id.* The posts directed at Yamaha are dated February 16, 22, 25 and 28, 2011; March 7, 11, 27, 2011; and as recently as May 22, 2011. *Id.*; RJN, Ex. F. The postings show the precise time when they were uploaded to WordPress.com and are all attributed to the author "nocierre". Appl. 3.

Yamaha alleges that these postings have injured and continue to cause injury to it in the Spanish Proceedings by publishing false and misleading information about the plant closing, Yamaha's directors, and its outside advisors. *Id.* Yamaha further alleges that several of the posts refer to an illegal work slowdown under Spanish labor law that forms the basis of one of the claims Yamaha alleges in the Spanish Labor Proceedings, and indicate that the slowdown was deliberate. *Id.* The union has to date denied ordering such slowdowns. *Id.* Yamaha argues that the content and authorship of the blog posts can be introduced into evidence to rebut the union's statements denying the work slowdowns, thus supporting Yamaha's case in the Spanish Labor Proceedings.

3

Yamaha states that its counsel submitted an online request to WordPress.com via its online complaint form on March 11, 2011. *Id.* at 3-4. Yamaha requested the identity of "nocierre" and asked that the blog be taken down because it contained defamatory content in violation of Spanish law. *Id.* at 4. WordPress.com refused, citing its internal policy on these types of requests in the absence of a court order. Masdevall Decl. Ex. A, Dkt. No. 3.

### III.  DISCUSSION

In its application, Yamaha argues that it has no available recourse for identifying the person or persons that made the blog remarks without obtaining the IP address from WordPress.com. Yamaha therefore seeks to serve third-party subpoenas upon WordPress.com and its parent company Automattic for the IP address(es) used to make the postings identified above, as well as any other personally identifying details, such as name, e-mail addresses, physical addresses, age, etc., which could be used to identify "nocierre".

**A.  Legal Standard**

Pursuant to 28 U.S.C. § 1782,

> [t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). As reflected by the language of § 1782, its purpose is to provide federal court assistance in the gathering of evidence for use in a foreign tribunal. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that § 1782 has "twin aims," *i.e.*, "providing efficient

4

means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (internal quotation marks omitted).

A district court is authorized to grant a § 1782 application

> where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or "any interested person."[1]

*In re Chevron Corp.*, 2010 U.S. Dist. LEXIS 47034, at *15.

However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so. *See Intel*, 542 U.S. at 264. The Supreme Court has identified several factors that a court should take into consideration in ruling on a § 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Chevron*, 2010 U.S. Dist. LEXIS 47034, at *16; *see also Intel*, 542 U.S. at 264-65.

**B.     Authority to Issue Subpoena**

Here, the Court has reviewed Yamaha's application and has preliminarily determined that the statutory requirements have been satisfied. First, Yamaha has made a prima facie showing that WordPress.com and Automattic reside in this District. *See* RJN Exs. C-E. Second, the discovery is for use in the Spanish Labor Proceedings before the Spanish court. *See In re Letters of Request to Examine Witnesses*, 59 F.R.D. 625, 629 (N.D. Cal. 1973) ("the crucial requirement is that the foreign

---

[1] The Supreme Court has held that § 1782 does not contain a "foreign-discoverability requirement" – *i.e.*, there is no requirement that the information sought be discoverable under the law governing the foreign proceeding. *Intel*, 542 U.S. at 253. The Court has further held that there is no requirement that a § 1782 applicant show "United States law would allow discovery in domestic litigation analogous to the foreign proceeding." *Id.* at 263.

5

body exercise adjudicative power and have an adjudicative purpose"). Finally, there can be no real dispute that Yamaha qualifies as an interested person because it is a party in both Spanish Labor Proceedings. *See Intel*, 542 U.S. at 256 (stating that an interested person under § 1782 "plainly reaches beyond the universe of persons designated 'litigant,'" although there is "[n]o doubt [that] litigants are included among, and may be the most common example").

**C.     Discretionary Factors**

Having concluded that it has the authority to issue the subpoena, the Court now turns to the question of whether the discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena. The Court makes the preliminary determination that these factors largely weigh in favor of issuance of the subpoena.

### 1.     Jurisdictional Reach of Foreign Tribunal

The Supreme Court has noted that,

> when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Id.* at 264. In the instant case, WordPress.com and Automattic are not parties in the Spanish Labor Proceedings, and therefore this factor weighs in Yamaha's favor. *See In re Chevron Corp.*, 2010 U.S. Dist. LEXIS 47034, at *20 (noting that Ecuadorian court and international arbitral tribunal lacked jurisdiction to compel the individual, who was located in the district and not a party to the foreign proceedings, to produce the material sought).

### 2.     Nature and Receptivitiy of Foreign Tribunal

There is no evidence before the Court that the international arbitral tribunal (the Spanish court) at issue here is either receptive or nonreceptive to U.S. federal court jurisdictional assistance, and therefore this factor is essentially neutral. However, the Court takes note that even opposition by the international arbitral tribunal would not necessarily be determinative. *See id.* at *21 & n.51

(pointing out that, in *Intel*, the European Commission stated that it did not need or want the U.S.-federal court assistance).

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

There is nothing to suggest that Yamaha's § 1782 request is an attempt to circumvent foreign proof-gathering restrictions. Indeed, it does not appear that the international arbitral tribunal at issue here could compel WordPress.com and Automattic to provide evidence because they are not parties to the Spanish Labor Proceedings. *See id.* at *22 (applying same reasoning). Further, as stated above, Yamaha's counsel attempted to obtain the information informally by submitting an online request to WordPress.com via its online complaint form on March 11, 2011. Appl. 3-4. Yamaha requested the identity of "nocierre" and asked that the blog be taken down because it contained defamatory content in violation of Spanish law. *Id.* at 4. WordPress.com refused, citing its internal policy on these types of requests in the absence of a court order. Masdevall Decl. Ex. A. Accordingly, this factor weighs in Yamaha's favor.

### 4. Undue Intrusion or Burden

Finally, the Court must determine whether the discovery requested is an undue burden or being sought for an improper purpose. In assessing this issue, courts are guided by the applicable standards found in the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782 (providing that, "[t]o the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure).

In its papers, Yamaha explains that it wishes to subpoena WordPress.com and Automattic because it seeks the identity of "nocierre" to support its allegation in the Spanish Labor Proceedings that the union has committed illegal labor practices, including ordering a work slowdown and defaming Yamaha and its officers, directors and advisors. App. 5. Yamaha contends that the identity of "nocierre" is relevant to these claims in that the referenced work slowdowns are illegal if ordered and orchestrated by the labor group. *Id.* Based on its review of Yamaha's application, the Court finds no improper purpose behind it. The information requested is relevant to Yamaha's allegations, and the identity of "nocierre" is otherwise unattainable, given that the relevant posts were made

through WordPress.com's servers in this district. *See London v. Does*, 279 Fed. Appx. 513, 515 (9th Cir. 2008) (upholding denial of motion to quash where evidence was otherwise unattainable in French proceedings); *see also Intel Corp.*, 542 U.S. at 264 (noting that evidence from nonparties to foreign proceeding would likely be unobtainable absent § 1782). Further, the request is not unduly intrusive or burdensome because it seeks to gather only identifying information for the accounts, such as the names and addresses of the users, and not the content of any communication. *London*, 279 Fed. Appx. at 515. Thus, given the need for the evidence, and the minimal invasion required, the Court finds that these factors weigh in favor of granting Yamaha's request.

**D.     The Cable Privacy Act**

In its application, Yamaha requests that the Court's order state clearly that the Court considered the Cable Privacy Act, 47 U.S.C. § 551, and that the order specifically complies with the Act's requirements. App. 9. The Cable Privacy Act prohibits cable operators from disclosing personally identifiable information regarding subscribers without either (1) the prior written or electronic consent of the subscriber; or (2) a court order, provided the cable operator provides the subscriber with notice of the disclosure. 47 U.S.C. § 551(c)(1), (c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). Under the Cable Privacy Act, cable operators are prohibited from disclosing personal information that could identify subscribers without obtaining their prior written or electronic consent, and operators are required to take actions to prevent unauthorized access to such information. *Id.* § 551(c).

Here, although Yamaha seeks the information from WordPress.com and Automattic as Internet service providers, Yamaha states that they are also cable operators, and therefore compliance with the Cable Privacy Act is requested. As stated above, discovery under § 1782 is guided by the applicable standards found in the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782 (providing that, "[t]o the extent that the order does not prescribe otherwise, the testimony or statement shall be

taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure).

A court may authorize early discovery for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts in this district generally consider whether a plaintiff has shown "good cause" for the early discovery. *See*, *e.g.*, *IO Group, Inc. v. Does 1-65*, 2010 WL 4055667, at *2 (N.D. Cal. 2010); *Solarbridge Tech. v. John Doe*, 2010 WL 3419189 (N.D. Cal. 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002). When the identity of a party is not known, an applicant "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Solarbridge*, 2010 WL 3419189, at *1 (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In evaluating whether an applicant establishes good cause to learn the identity of an unknown party through early discovery, courts examine whether the applicant (1) identifies the party with sufficient specificity that the court can determine that the party is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

Here, the Court finds that Yamaha has satisfied these elements. As discussed above, (1) the blog author(s) is/are a real person(s) who may be sued in Spain; (2) Yamaha has unsuccessfully attempted to identify "nocierre" prior to filing this application; (3) Yamaha's claims and defenses are pending in the Spanish Labor Proceedings and therefore appear to present at least a prima facie case; and (4) there is a reasonable likelihood that service of the proposed subpoenas will lead to information identifying "nocierre". *See* Masdevall Decl. ¶ 4; RJN Exs. A, B. Thus, the Court finds that good cause exists to allow Yamaha to engage in the proposed discovery.

That being said, the Court's ruling here does not preclude the subpoena from being contested on other grounds that are not presently before the Court, and any such discovery is conditioned on

9

WordPress.com and Automatic having 7 calendar days after service of the subpoenas to notify the subscriber that their identity is sought by Yamaha, and each subscriber whose identity is sought having 21 calendar days from the date of such notice to file any papers contesting the subpoenas.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Yamaha's application.  Yamaha may serve the subpoena (filed as Docket No. 5, Attachment 1) with the following conditions:

1) Yamaha may only use the information disclosed for the sole purpose of protecting its rights in the Spanish Labor Proceedings and may not release any identifying information without a court order allowing the release of the information;

2) Within 7 calendar days after service of the subpoenas, WordPress.com and Automatic shall notify the subscribers that their identities are sought by Yamaha and shall serve a copy of this order on each subscriber.  Each subscriber whose identify is sought may, within 21 calendar days from the date of such notice, file documents with the Court that contest the subpoena;

3) If WordPress.com or Automatic wishes to move to quash the subpoena issued to it, they shall do so before the return date of the subpoena.  If such a motion is brought, WordPress.com and/or Automatic shall preserve the information sought by Yamaha in the subpoena pending resolution of such motion.

4) Yamaha shall reimburse WordPress.com and/or Automatic for all mailing fees.

**IT IS SO ORDERED.**

Dated: July 13, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge